UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Michael A. Wolf, | ) | Case No. 14 B 27066 |
| | ) | |
| Debtor. | ) | Judge Deborah L. Thorne |
| _____ | ) | |
| | ) | |
| N. Neville Reid, not individually but | ) | |
| Solely in his capacity as Chapter 7 | ) | Adversary No 16 A 00481 |
| Trustee for the bankruptcy estate of | ) | |
| Michael A. Wolf, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Melissa Skolnick, Four Legs, Inc., | ) | |
| Michael Wolf, Scott Wolf, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

For several years the chapter 7 trustee, N. Neville Reid, has been trying to avoid and recover fraudulent transfers of the Monday Morning Quarterback business made by the debtor, Michael Wolf (Michael), to various sham entities and to his son, Scott Wolf (Scott). In 2018, this court entered a default judgment in adversary case number 16 A 00066 against Scott and certain related entities in the amount of $2.1 million.[1]

In this second adversary proceeding, the chapter 7 trustee seeks to avoid transfers made by Scott to Melissa Skolnick and Four Legs, Inc. under section 550 of the Bankruptcy Code. In

---

[1] The judgment is on appeal to the District Court but there is no stay of the judgment pending. Because of constitutional concerns, this court made proposed findings of fact and conclusions of law on certain of the issues which are also pending in the District Court.

the motion now before the court, the Trustee moves for summary judgment against Michael and

Scott in Count VI for a "Scheme to Defraud" and second, seeks an alternative order "treating

specified facts as established" against Four Legs and Melissa Skolnick.

As set forth below, the Trustee's Motion for Summary Judgment is denied on Count VI.

The alternative relief seeking an order that the facts supporting the prior default judgment are

established as against Melissa Skolnick and Four Legs is also denied.

## Background

Detailed findings of fact concerning the multiple transfers of the MMQB business are

described in this court's earlier Memorandum Opinion in Adversary number 16 A 00066, Docket

number 654. Because they are pertinent to the ruling in this opinion, they will be briefly

described here to provide context.

Beginning in 1980, Michael started the Monday Morning Quarterback (MMQB), a trade

publication for the commercial furniture industry. It was originally published by facsimile, email

and the internet as technology advanced. From 1987 to 2011, the income generated by MMQB

was attributed to one of Michael's entities, Zig Zag Corp. and was used by Michael to pay his

and his family's personal expenses. Various family members and others also received salaries,

including Melissa Skolnick and Michael's now former wife, Elizabeth Wolf.

In 2011 as the marriage between Elizabeth Wolf and Michael began to deteriorate,

Michael transferred his interest in the MMQB business to other entities he owned or controlled

and to his son Scott. No consideration was ever received by Zig Zag or Michael for these

transfers.

The complaint at issue in this summary judgment motion realleges the same facts that

were found to be true in the default judgment entered against Michael and Scott and seeks a

2

judgment against them for a scheme to defraud. Additionally, the Trustee requests this court find that the facts previously found in the related adversary by default against Michael, Scott and related entities should also be construed as binding against Melissa Skolnick and Four Legs.

**Discussion**

**1. Summary Judgment Standard**

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The Supreme Court has instructed that the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. *Id;* Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986) (question on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury"); Fed. R. Bankr. P. 7056 (applicable to bankruptcy proceedings).

3

### 2. Request for Summary Judgment on Count VI

#### a. Res Judicata

Michael and Scott argue that the Trustee is barred from bringing Count VI by the doctrine of res judicata. They argue that because the Trustee could have brought this cause of action in adversary number 16-00066, he is barred from bringing it in this adversary. An exception to the doctrine applies in this case, however, and does not bar the Trustee from proceeding on Count VI.

The doctrine of res judicata, or claim preclusion prevents parties from relitigating issues that could have been raised in a prior action. *Highway J Citizens Grp. v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). It protects against "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153–54 (1979). It also reflects the fundamental policy "that there be an end to litigation," *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401–02 (1981) (internal quotation omitted), a policy that is "particularly strong in the bankruptcy context." *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 180 (7th Cir.1994).

Michael and Scott fail to recognize, however, that there is an exception to the res judicata doctrine which prohibits the strict application in this case. Even though the essential elements of res judicata have been satisfied, the particular nature of the litigation in this case provides an exception as the claims have been split between separate adversaries. The Seventh Circuit has long recognized this exception, relying upon the Restatement (Second) of Judgments § 26. Specifically, the exception is applicable when "[t]he parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein." Restatement (Second)

of Judgements § 26; *Arrow Gear Co. v. Downers Grove Sanitary Dist.*, 629 F.3d 633 (7th Cir.

2010); *Hermann v. Cenecom Cable Associates, Inc.*, 999 F.2d 999 (7th Cir. 1993).

Specifically, in adversary cases, such as those brought by the Trustee against the related

parties, the exception applies as explained in the Restatement comment:

> Where the plaintiff is simultaneously maintaining separate actions based upon
> parts of the same claim, and in neither action does the defendant make the
> objection that another action is pending based on the same claim, judgment in one
> of the actions does not preclude the plaintiff from proceeding and obtaining
> judgment in the other action. The failure of the defendant to object to the splitting
> of the plaintiff's claim is effective as an acquiescence in the splitting of the claim.

Restatement (Second) of Judgments § 26 cmt. a.

Michael and Scott actively participated in both adversary proceedings for four years.

There was never an objection to the fact that they were defendants in more than one of the

related adversary proceedings.  In fact, Michael and Scott answered the instant adversary

complaint and did not plead res judicata as an affirmative defense. Only now, four years later in

response to the Trustee's Motion for Summary Judgement, do they claim res judicata bars

recovery under Count VI. This qualifies as "acquiescence" to the splitting of the claims and thus

res judicata will not be the basis for the denial of summary judgment.

**b. Scheme to Defraud**

The Trustee titles Count VI a "Scheme to Defraud," and seeks judgment against both

Michael and Scott for the amounts transferred to Melissa Skolnick and Four Legs. No authority

for the entry of summary judgment based upon a legal cause of action is provided except for

cases discussing actual fraud under section 523(a) of the Bankruptcy Code.  These are not

applicable in what otherwise appears to be an effort to recover transfers under section 550.  The

Trustee has not provided any caselaw showing that a cause of action titled a "scheme to defraud"

exists, so the court is left without a framework to determine what facts need to be established in order for the Trustee to prevail on his motion for summary judgment.[2]

The Trustee seeks a judgment against the original transferor, the debtor, who participated in a scheme to defraud his creditors by funneling the MMQB business through a series of sham entities and on to his son, Scott.[3]  Without any legal support provided by the Trustee, the court searched on its own to determine whether other courts have considered this situation and in particular whether a judgment should be entered against the initial transferor, the debtor, as a participant in a scheme to defraud.  It found none.  Courts have considered whether judgments should be entered against persons who assist in fraudulently transferring assets and have generally found that unless they have retained the asset or value, a judgment is not appropriate in an avoidance action which seeks to avoid and disgorge.  *In re McCook Metals, L.L.C.,* 319 B.R. 570, 591 (Bankr. N.D. Ill. 2005) (parties who neither received transferred property nor benefitted from a fraudulent transfer in some way are not subject to liability); *In re Glick,* 568 B.R. 634 (Bankr. N.D. Ill. 2017) (collecting cases). *But see, In re Restaurant Dev. Grp., Inc.*, 397 B.R. 891 (Bankr. N.D. Ill.2008) (analyzing Illinois law on civil conspiracy to commit actual fraud and aiding and abetting liability under Illinois common law, holding that a Trustee may bring these actions in a bankruptcy case). In none of these cases were judgments being sought against the original transferor even when as in this case, he was instrumental in moving assets among entities in an effort to defraud his creditors.

---

[2] The court has come across cases discussing state causes of action, including a "civil conspiracy to defraud" and "aiding and abetting fraud". However, none of the cases discussing these causes of action ever imposed liability against a debtor transferor. Instead, these cases seem to focus on third parties, like attorneys, who assist in fraudulent transfers.  The court previously entered judgment against Scott for $2.1 million and is unclear as what is being sought here that is separate and apart from that judgment in this cause of action.

[3] The four-paragraph count realleges 229 other paragraphs in support of this cause of action with absolutely no guidance to the court or the parties as to which factual allegations support the cause of action.

The appropriate remedy in such a case would be a denial of discharge or if the allegations and proof demonstrated that the debtor/initial transferor ended up as a subsequent transferee – in that he received the assets back, a judgment under section 550.  There are no allegations or support for such a proposition in this case.  *In re H. King & Assocs.*, 295 B.R. 246, 293 (Bankr. N.D. Ill. 2003) (stating that a trustee cannot recover from a "party who has not received any property or benefit from either the debtor or the debtor's transferee, immediate or mediate").

The Trustee has provided no support for the purported cause of action of "scheme to defraud" and the court is unable to find it on its own.  Summary judgment on Count VI in favor of the Trustee is denied.

### 3.  The Findings in the Default Judgment in Adversary Number 16 ap 00066 Are Not Binding Against Melissa Skolnick and Four Legs

Throughout the years of litigation between the Trustee and Michael and Scott, Melissa Skolnick and her entities have been on the sidelines.  Although Melissa Skolnick and Four Legs were named as parties in adversary proceeding 16-00066, no specific relief was requested against them.[4]  The Trustee now seeks to bind them to the allegations which supported the default judgment against Michael and Scott in adversary case number 16-00066.  They are not bound.

The Trustee contends that the transfers from the Michael to Scott and various sham entities were fraudulent. The Trustee also contends that Scott then transferred these various business interests and proceeds to Melissa Skolnick and Four Legs Inc., and thus they may be recovered from Melissa Skolnick and Four Legs under section 550. Section 550 provides in relevant part:

---

[4] Several counts in 16-ap-00066 broadly asked for declaratory relief but did not seek any specific relief against Melissa Skolnick or Four Legs and one was eventually dismissed.  Other than the pending appeal filed by Michael and Scott, no further substantive action has occurred in adversary number 16 ap 00066 since January 2020 [dkt no. 828]

7

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section . . . 548 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
(2) any immediate or mediate transferee of such initial transferee.

To recover under section 550 in reliance upon a fraudulent transfer under section 548, the Trustee must establish two elements: (1) that a transfer is avoidable under section 548; and (2) that the person from whom such transferred property is to be recovered is the initial transferee, the party benefitted, or an immediate or mediate transferee of such initial transferee.

To satisfy the first element of his burden under section 550, the Trustee relies on the default judgment in the previous adversary and asserts that it is a binding upon Melissa Skolnick and Four Legs in this proceeding. In this case, the Trustee may not do so.

Courts are split as to whether a default judgment may be relied upon to support recovery under section 550. *In re Michigan BioDiesel, LLC,* 510 B.R. 792, 797 – 798 (Bankr. W.D. Mich. 2014) (collecting cases). Courts favoring the argument made by the defendants, Melissa Skolnick and Four Legs, tend to analyze these arguments finding that there is a perceived unfairness of saddling subsequent transferees with the outcome of an avoidance action in which they did not get to participate, or which was the product of a default or consent judgment. *Id.* at 797 – 798; *In re Lendvest Mortgage, Inc.*, 42 F.3d 1181 (9th Cir. 1994); *In re McMillin*, 448 B.R. 847, 851 (M.D. Fla. 2011), rev'd in part on other grounds, 482 Fed.Appx. 454 (11th Cir. 2012); *In re Jones Storage and Moving, Inc.*, 2005 WL 2590385 (Bankr. D. Kan. Apr. 14, 2005); *In re Fabrikant & Sons, Inc.*, 394 B.R. 721, 746 (Bankr. S.D.N.Y. 2008); *In re Food & Fibre Protection, Ltd.,* 168 B.R. 408 (Bankr. D. Ariz. 1994). Some of the cases rely on basic principles

8

of claim or issue preclusion (i.e., res judicata and collateral estoppel); others simply allude to due process concerns.

These courts concluded that a stipulated or default judgment in an avoidance action does not preclude the defendants in a recovery action from disputing the avoidability of the transfer and raising appropriate defenses. For example, in *In re Jones Storage & Moving, Inc.*, 2005 WL 2590385, the court pointed to the very circumstances at issue here to demonstrate the undesirable outcomes to which the Trustee's argument would lead. "[W]henever multiple parties are involved in a transaction voidable under the Code, the trustee could select one party, obtain a stipulated avoidance judgment against that party (perhaps with an agreement not to collect the judgment against the cooperating party), then seek to collect the balance from the other parties under section 550, irrespective of the defenses the parties might have had to the avoidance in the first place." *Id*. at *4.

Similarly, in *In re Food & Fibre Prot., Ltd.*, 168 B.R. at 408, a default judgment was entered against two defendants on the trustee's § 547(b) claim. The trustee argued that due to the default judgment, he "need not prove that the transfer . . . was a preference, but need only show that [the remaining defendant was] a transferee against whom recovery is appropriate under Section 550." *Id*. at 415. The trustee in that case "emphasized the separation of the concepts of avoidance and recovery" and asserted that, because of the default judgment, the transfer was avoided. *Id*. The court found that "this proposition, ... on its face, appears to contradict due process" and noted that the application of this rule "could lead to anomalous and unfair results." *Id*. at 415–16. The court "reject[ed] this theory as unsupported" and held that "[s]ince [the co-defendants'] default did not involve [the remaining defendant], the Trustee must establish that it is proper to avoid the transfer" and then establish that payment could be recovered from the

remaining defendant under § 550. *Id*. at 416.  Several other cases are in accord. *See, e.g.,*

*Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 480 B.R. 501, 521–22 (Bankr.

S.D.N.Y. 2012) (holding that a trustee may settle with an initial transferee and still pursue

recovery against a subsequent transferee, but "notwithstanding, the Trustee will still be required

to prove that the transfers . . . were fraudulent and improper in connection with its suit against

[the] subsequent transferee because the Trustee's Settlement with [the initial transferee] did not

involve any determination on the merits as to the initial transfers," and in this way, the

subsequent transferee "will be afforded its due process rights to contest the avoidability of these

initial transfers."); *In re McMillin*, 448 B.R. at 851 ("[T]he court concludes that [defendant] was

not limited to raising only the defenses in 11 U.S.C. § 550 of a mediate transferee. Although this

is the general rule, this rule is not strictly applied when the underlying transfer was avoided by

virtue of a default judgment."), rev'd in part on other grounds, appeal dismissed in part, 482

Fed.Appx. 454 (11th Cir. 2012); *In re AVI, Inc.*, 389 B.R. 721, 735 (9th Cir. BAP 2008) (holding

that a trustee is not required to avoid the initial transfer from the initial transferee before seeking

to avoid it and recover from subsequent transferees, and noting that this "conclusion is consistent

with case law that has disallowed automatic recovery from a subsequent transferee following the

avoidance of an initial transfer through a stipulated judgment or default when the transferee had

not been a party to the underlying avoidance proceeding"); *In re Flashcom, Inc.*, 503 B.R. 99

(C.D. Ca. 2013) (holding that in a §547 action, binding a subsequent transferee to a stipulated

judgment between the trustee and the initial transferee violates the due process rights of the

subsequent transferee and that the subsequent transferee may challenge the avoidability of the

initial transfer at his trial); *In re Fabrikant & Sons, Inc.*, 394 B.R. at 721 (stating in dicta that

even if the trustee had successfully avoided the transfers by the debtors to the initial transferees

10

in an earlier action, the alleged subsequent transferees could still defend on the basis that the initial transfers were not fraudulent.)

Not only does this court find the foregoing reasoning persuasive, but a significant issue of due process must also be considered in this case. On numerous occasions, Melissa Skolnick and Four Legs made it clear that they did not want to participate in the defense of counts to which they were not parties. In each case, the court acknowledged this position and never gave any indication that the findings could eventually be used against them in later adversaries. At the same time, the Trustee never disputed Skolnick and Four Leg's contention that they were not participating in these proceedings. If the Trustee planned to use these factual findings against Skolnick and Four Legs, it would have been prudent for him to raise that issue at the time when counsel for the defendants made it clear they were not contesting those findings particularly as they related to the request for default judgment. No relief was sought in the default judgment against either Melissa Skolnick or Four Legs in the Adversary Number 16 A 00066, so there was no incentive for them to participate.

The court made repeated statements acknowledging and understanding Skolnick and Four Leg's position regarding the eventual application of these facts against them. At the same time, the court is cognizant of the policy concerns expressed by the Trustee. In hindsight perhaps this court should have required Melissa Skolnick and Four Legs to participate in discovery related to the avoidability of the transfers to Scott, but it did not. To now hold them to be bound by the default judgment order avoiding the transfers to Scott would deprive them of due process. To the extent the Trustee is asking for the alternative relief treating the "specified facts as established" against Melissa Skolnick and Four Legs, it is denied.

11

**Conclusion**

Summary judgment is denied as to Count VI and the motion to have certain facts deemed established is denied.

A separate order will be entered consistent with this opinion.

Dated:  February 17, 2021

ENTER:

_____
Honorable Deborah L. Thorne
United States Bankruptcy Judge

12